UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL A. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. C13-0110-RSL-MAT |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JULIE A. SPECTOR, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On January 17, 2013, petitioner Michael Jackson submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner indicated in his petition that he was seeking to challenge a 2005 judgment of the King County Superior Court. (*See* Dkt. No. 4 at 1.) After reviewing the entirety of the petition, this Court concluded that petitioner had apparently fully served both the custodial and community placement portions of the sentence imposed in the challenged judgment and, thus, that he was no longer "in custody" for purposes of federal habeas review.

Accordingly, on February 4, 2013, this Court issued an Order directing petitioner to show cause why his petition should not be dismissed for failure to meet the "in custody"

REPORT AND RECOMMENDATION
PAGE - 1

requirement of § 2254. The Court explained in its Order to Show Cause that in order to pursue federal habeas relief, a petitioner must be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The Court further explained that once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Id*. at 492.

Petitioner was directed to respond to the Order to Show Cause within thirty days and was advised that his failure to timely respond would result in a recommendation that this action be dismissed for lack of subject matter jurisdiction. To date, petitioner has filed no response to the Order to Show Cause. This Court therefore recommends that petitioner's federal habeas petition be dismissed, with prejudice, for want of jurisdiction.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that

petitioner is not entitled to a certificate of appealability in this matter. A proposed order

accompanies this Report and Recommendation.

DATED this <u>8th</u> day of May, 2013.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3